UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

**BRITTNIE ANDERSON, BIANCA F. CURATOLO,**
**and DANIEL TAYLOR, on behalf of themselves**
**and on behalf of all others similarly situated,**

      Plaintiffs,

v.                                      Case No.:

**HAMZEH ALASFAR and**
**TAYSEER ALKHAYATT,**

      Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, BRITTNIE ANDERSON, BIANCA F. CURATOLO, and DANIEL TAYLOR (collectively as "Plaintiffs"), by and through undersigned counsel, on behalf of themselves and on behalf of all others similarly situated, bring this action against Defendants, HAMZEH ALASFAR and TAYSEER ALKHAYYAT ("Defendants"), and in support of their claims state as follows:

## JURISDICTION AND VENUE

1. This is an action for damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., for failure to pay a minimum wage. This Complaint is filed as a collective action under 29 U.S.C. § 216(b).

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq.

3. Venue is proper in the Southern District of Florida, because all of the events giving rise to these claims occurred in Broward County, Florida, which lies within the Southern District.

## SUPPORTING FACTS AND ALLEGATIONS

4. Defendants are the individual owners of Two Maids & A Mop – Fort Lauderdale.

5. Two Maids & A Mop – Fort Lauderdale is a franchisee of Two Maids Franchising, LLC, a nation-wide residential cleaning service.

6. Two Maids & A Mop-Fort Lauderdale provides services to areas in and around Fort Lauderdale, Florida.

7. Defendants entered into a Franchise Agreement with Two Maids Franchising, LLC on August 31, 2017. See Exhibit A.

8. Defendants are employers under the FLSA by virtue of their rigorous control over Two Maids & A Mop-Fort Lauderdale and individual employees.

9. Defendants exercise control over almost all aspects of a franchisee's operations, including but not limited to, the job application process, job screening process, job qualification requirements, employment policies, pricing, uniforms, and pay policies.

## PARTIES

10. Plaintiffs BRITTNIE ANDERSON, BIANCA F. CURATOLO, AND DANIEL TAYLOR are all residents of Broward County, Florida. Plaintiffs were all employed by Defendants in Fort Lauderdale in Broward County, Florida.

11. Defendants are owners and operators of franchisee Two Maids & A Mop-Fort Lauderdale and have failed to incorporate a business entity in Florida to operate the franchisee.

## GENERAL ALLEGATIONS

12. Plaintiffs have satisfied all conditions precedent, or they have been waived.

13. Plaintiffs have hired the undersigned attorneys and agreed to pay them a fee.

14. Plaintiffs request a jury trial for all issues so triable.

15. At all times material hereto, named Plaintiffs BRITTNIE ANDERSON, BIANCA F. CURATOLO, and DANIEL TAYLOR were employed by Defendants as residential house cleaners.

16. The putative class of similarly situated employees consists of all other residential house cleaners employed by Defendants within the last three years. These similarly situated persons will be referred to as "Members of the Class" or "the Class."

17. At all times material hereto, Plaintiffs and Members of the Class were "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such were subject to the individual coverage of the FLSA.

18. At all times material hereto, Plaintiffs and Members of the Class were "employees" of Defendants within the meaning of the FLSA.

19. At all times material hereto, Defendants were an employer within the meaning of the FLSA, 29 U.S.C. § 203(d).

20. Defendants continue to be an employer within the meaning of the FLSA.

21. At all times material hereto, Defendants' ownership and operation of franchisee Two Maids & A Mop-Fort Lauderdale, is and continues to be an enterprise covered by the FLSA, as defined under 29 U.S.C. §§ 203(r) and 203(s).

22. At all times relevant to this action, Defendants engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203(s).

23. At all times relevant to this action, the annual gross sales volume of Defendants' franchisee Two Maids & A Mop-Fort Lauderdale exceeded $500,000 per year.

24. Specifically, Plaintiffs and the Class were not employed by Defendants in a bona fide administrative, executive, or professional capacity. In particular, Plaintiffs and Members of the Class had no authority to hire or terminate any other employee of Defendants; they had no special or professional qualifications and skills for the explicit use of which they were employed by Defendants; and they had no control whatsoever over Defendants' business operations, even from an administrative standpoint.

25. Thus, Plaintiffs and Members of the Class are "non-exempt employees" who are covered by the FLSA.

26. At all times material hereto, the work performed by Plaintiffs and Members of the Class was directly essential to the business performed by Defendants.

27. Defendants supervised Plaintiffs and the Class, and exercised control over the wages, hours, and working conditions of Plaintiffs and the Class. Defendants also controlled the payroll practices.

## FACTS

28. Plaintiff BRITTNIE ANDERSON began working for Defendants as a residential house cleaner in November 2018, and she worked in this capacity until July 2019.

29. Plaintiff BRITTNIE ANDERSON is owed approximately $4,800.00 (excluding liquidated damages) in unpaid wages.

30. Plaintiff BIANCA F. CURATOLO began working for Defendants as a residential house cleaner in May 2018, and she worked in this capacity until July 2019.

31. Plaintiff BIANCA F. CURATOLO is owed approximately $9,600.00 (excluding liquidated damages) in unpaid wages.

32. Plaintiff DANIEL TAYLOR began working for Defendants as a residential house cleaner in June 2018 and he worked in this capacity until July 2019.

33. Plaintiff DANIEL TAYLOR is owed approximately $8,800.00 (excluding liquidated damages) in unpaid wages.

34. Defendants paid Plaintiffs solely by commissions.

35. On average, the Plaintiffs received about $125.00 per week, yet they each worked approximately 35 hours per week.

36. At all times material hereto, Plaintiffs and Members of the Class worked hours at the direction of Defendants, and they were not paid at least the applicable minimum wage for all of the hours that they worked.

37. By failing to accurately record all of the hours worked by Plaintiff and Members of the Class, Defendants have failed to make, keep, and preserve records with respect to each of its employees in a manner sufficient to determine their wages, hours, and other conditions of employment, in violation of the FLSA. See 29 C.F.R. § 516.2.

38. Defendants' actions were willful, and showed reckless disregard for the provisions of the FLSA.

## FLSA COLLECTIVE ACTION ALLEGATIONS
### (All Plaintiffs)

39. Plaintiffs bring this case as an "opt-in" collective action on behalf of similarly situated employees of Defendants (the "Class") pursuant to 29 U.S.C. § 216(b). The Class is composed of residential house cleaners whom Defendants failed to compensate for hours worked at the statutorily required federal minimum wage rate of pay in accordance with the FLSA.

40. Therefore, notice is properly sent to: "All house cleaners whom Defendants failed to compensate at the statutorily required minimum wage rate for all of the hours that they worked from August 2017 to the present."

41. The Defendants' ownership and operation of franchisee Two Maids & A Mop-Fort Lauderdale constitutes an enterprise engaged in commerce as defined by 29 U.S.C § 203(s)(1)(A) because at all times material hereto the franchisee had an annual gross volume of sales in excess of $500,000.00.

42. The total number and identities of the Class members may be determined from Defendants' records, and the Class may easily and quickly be notified of the pendency of this action.

43. Plaintiffs are similar to the Class because they and the Class have been unlawfully denied full payment of their minimum wages as mandated by the FLSA.

44. Plaintiffs' experience with Defendants' payroll practices is typical of the experiences of the Class.

45. Defendants failed to properly compensate each Class Member, in that they have not received the minimum wage required by the FLSA.

46. Defendants' failure to pay all wages due at a rate that was at least equal to the applicable statutory minimum wage is common to the Class.

47. Overall, Plaintiffs' experiences as residential house cleaners who worked for Defendants is typical of the experience of the Class.

48. Specific job titles or job duties of the Class do not prevent collective treatment.

49. Although the issues of damages can be individual in character, there remains a common nucleus of operative facts concerning Defendants' liability under the FLSA in this case.

## COUNT I – FLSA MINIMUM WAGE VIOLATION

50. Plaintiff realleges and readopts the allegations of paragraphs 1 through 49 of this Complaint, as though fully set forth herein.

51. During the statutory period, Plaintiffs and the Class worked for Defendants, and they were not paid the applicable federal minimum wage for the hours that they worked, as mandated by the FLSA.

52. Defendants failed to compensate Plaintiffs and the Class at a rate that was at least equal to the applicable federal minimum wage.

53. The Members of the Class are similarly situated because they were all employed as residential house cleaners by Defendants, were compensated in the same manner, and were all subject to Defendants' common policy and practice of failing to pay its residential house cleaners at a rate that was at least equal to the applicable federal minimum wage, in accordance with the FLSA.

54. This reckless practice violates the provisions of the FLSA, specifically 29 U.S.C. § 206(a)(1)(C). As a result, Plaintiffs and the Members of the Class who have opted in to this action are each entitled to an amount equal to their unpaid minimum wages as liquidated damages.

55. All of Defendants' conduct, as alleged and described above, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

56. As a result of the foregoing, Plaintiffs and the Class have suffered damages.

**WHEREFORE**, Plaintiffs and all similarly situated employees who join this collective action demand:

(a) Designation of this action as a collective action on behalf of Plaintiffs and the prospective Class that they seek to represent, in accordance with the FLSA;

(b) Prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA putative class, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual consent to sue forms pursuant to 29 U.S.C. § 216(b);

(c) Equitable tolling of the statute of limitations from the date of the filing of this complaint until the expiration of the deadline for filing consent to sue forms under 29 U.S.C. § 216(b);

(d) Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by this Court;

(e) Judgment against Defendants for an amount equal to the unpaid minimum wages of Plaintiffs and all opt-in Members of the Class;

(f) A declaratory judgment stating that the practices complained of herein are unlawful under the FLSA;

(g) Judgment against Defendants for an amount equal to the unpaid back wages of Plaintiffs and opt-in Members of the Class at the applicable statutory minimum wage, as liquidated damages;

(h) Judgment against Defendants stating that its violations of the FLSA were willful;

(i) To the extent liquidated damages are not awarded, an award of prejudgment interest;

(j) All costs and attorney's fees incurred in prosecuting these claims; and

(k) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiffs demand trial by jury as to all issues so triable.

Dated this 14th day of December, 2020.

Respectfully submitted,

/s/ *Christopher J. Saba*
**CHRISTOPHER J. SABA**
Florida Bar Number: 0092016
**WENZEL FENTON CABASSA, P.A.**
1110 North Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Direct Dial: 813-321-4086
Facsimile: 813-229-8712
Email: csaba@wfclaw.com
Email: tsoriano@wfclaw.com
**Attorneys for Plaintiffs**