<u>**CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE**</u>

CELLPORT INTERNATIONAL, INC. ("CELLPORT"), TAHA ALASFAR ("ALASFAR"), HAMZEH ALASFAR ("HAMZEH"), and TAYSEER ALKHAYATT ("ALKHAYATT") (collectively "Defendants" or "CELLPORT") and BRITTNIE ANDERSON ("ANDERSON"), BIANCA F. CURATOLO ("CURATOLO"), and DANIEL TAYLOR ("TAYLOR") (collectively "Plaintiffs") enter into this Confidential Settlement Agreement and Release ("Agreement") and are collectively referred to as the "Parties."

**I.**

<u>**RECITALS**</u>

WHEREAS, Plaintiffs filed a lawsuit in the United States District Court for the Southern District of Florida against Defendants, Case No.: 0:20-cv-62567-AHS, (the "Lawsuit"), asserting allegations relating to the non-payment of wages;

WHEREAS, as more fully set forth below, Plaintiffs and Defendants have agreed to release all claims against each other, including all claims relating to Anderson, Curatolo and Taylor's employment with Defendants, in exchange for the consideration described below; and

WHEREAS, the Parties seek to compromise and settle all disputes between them, including all issues raised or that could have been raised in the Lawsuit, believing such settlement to be in their respective best interests in light of the expense and uncertainty of litigation, and without admission of any liability, fact, claim or defense, on the terms and conditions set forth in this Agreement.

**II.**

<u>**AGREEMENT**</u>

NOW, THEREFORE, in consideration of the mutual promises contained herein, and for good consideration, the sufficiency of which is hereby acknowledged, the Parties agree as follows:

1. <u>Payment by CELLPORT.</u> Cellport shall pay the total sum of eighteen thousand dollars ($18,000.00) ("Settlement Proceeds") in full and complete settlement of the full Lawsuit and of all claims that have been or could be brought by Anderson/Curatolo/Taylor, including without limitation all claims for damages, attorneys' fees, and costs. Cellport shall pay the Settlement Proceeds as follows:

    A. Within fourteen (14) days of the effective date of the Court's approval of the dismissal with prejudice of the Lawsuit, whichever is later, Cellport will pay the sum of five hundred dollars ($500.00) to Anderson. Cellport will issue a Form 1099 for this payment.

    B. Within fourteen (14) days of the effective date of the Court's approval of the dismissal with prejudice of the Lawsuit, whichever is later, Cellport will pay the

sum of eight hundred dollars ($800.00) to Curatolo. Cellport will issue a Form 1099 for this payment.

C. Within fourteen (14) days of the effective date of the Court's approval of the dismissal with prejudice of the Lawsuit, whichever is later, Cellport will pay the sum of eight hundred dollars ($800.00) to Taylor. Cellport will issue a Form 1099 for this payment.

D. Within fourteen (14) days of the effective date of the Court's approval of the dismissal with prejudice of the Lawsuit, whichever is later, Cellport will pay the sum of one thousand five hundred dollars ($1,500.00) to Wenzel Fenton Cabassa, P.A.. Cellport will issue a Form 1099 for this payment.

E. The payments contained in Paragraphs 1A, 1B, 1C, and 1D above shall be repeated over the four ensuing months whereby the payments shall be due on of before March 15, April 15, May 15 and June 15, 2022, or the next business day should the 15th fall on a weekend or holiday.

F. All payments shall be delivered to counsel for the Plaintiffs, the law firm of Wenzel Fenton and Cabassa, P.A.

G. Anderson, Curatolo, and Taylor acknowledge and agree that they are solely responsible for the payment and discharge of federal, state, and local taxes, if any, that may, at any time, be found to be due upon or as a result of these payments by Cellport to Anderson, Curatolo, and Taylor. Anderson, Curatolo, and Taylor agree to indemnify and hold  Cellport harmless from any claim or liability for any such taxes and related penalties and/or interest, in the event such taxes, penalties and/or interest are assessed by the IRS or any other taxing authority, within 30 days after notification from Cellport that a taxing authority has asserted a tax claim.

2. <u>Dismissal of the Lawsuit</u>.  The lawsuit will be dismissed upon the entry of the final order by Judge Valle.  The Parties affirm that they will execute and file all notices required to effectuate the dismissal of the Lawsuit, subject to a reservation of jurisdiction to enforce this agreement. The Parties acknowledge that approval of this settlement by the Court is a condition precedent to the effectiveness hereof.

3. <u>Reservation of Jurisdiction</u>.   The United States District Court for the Southern District of Florida shall have continuing jurisdiction to construe, interpret and enforce the provisions of this Agreement and Release.

4. <u>Fees and Costs</u>.  Unless explicitly provided otherwise in Paragraph 1, the Parties must bear their own fees and costs (including but not limited to any attorneys' fees) incurred in connection with the Lawsuit or with any other matter.  Plaintiffs acknowledge that Defendants shall not be responsible for any attorneys' fees and costs that they may have incurred at any time, except as described in Paragraph 1.

5. <u>General Release and Waiver of All Claims</u>.  In exchange for the consideration provided above in Paragraph 1, Anderson, Curatolo, Taylor, Cellport, Alasfar, Hamzeh, Alkhayatt

agree to settle, release and waive any and all claims each has or may have against the other and their affiliates, and all of their past, present and future officers, employees, attorneys, agents, assigns, insurers, representatives, counsel, benefit plan administrators, other administrators, successors, parent companies, subsidiaries, shareholders, members and/or directors for anything that has occurred up to the date of execution of this Agreement, including but not limited to, any and all claims resulting from Plaintiffs' employment with Defendants; and any and all claims relating to the administration or terms of any employment or benefit plan or contract.  For the consideration expressed in this Agreement, each Party hereby releases and discharges the other Parties from all liability for damages, affirmative or equitable relief, judgments, or attorneys' fees and agrees not to institute any claim for damages, affirmative or equitable relief, judgments, or attorneys' fees, nor authorize or assist any other party to institute any claim to recover damages, judgments, or attorneys' fees on their behalf against the other Parties for any damages, judgments, or attorneys' fees including, but not limited to, any claims arising under or based upon the Florida Civil Rights Act, Ch. 760, Florida Statutes; Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*; 42 U.S.C. § 1981; the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*; the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*; the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.*; the Fair Credit Reporting Act, 15 U.S.C. § 168, *et seq.*; the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, *et seq.*; the Equal Pay Act, 29 U.S.C. § 206(d); applicable Workers' Compensation Laws; claims under any federal or state constitutions; and any and all claims pursuant to federal, state or local statute or ordinance; or any and all claims pursuant to contract, quasi contract, common law or tort; and known or unknown, suspected or unsuspected, concealed or hidden, or whether developed or undeveloped claims, up through the date of his execution of this Agreement.  Anderson, Curatolo, Taylor, Cellport, Alasfar, Hamzeh and Alkhayatt confirm that other than the Lawsuit, they are unaware of any other claims, grievances, Lawsuits, complaints, or legal actions each Party has or may have against the other Parties in any forum or form.  In the event that any such claim, grievance, Lawsuit, complaint, or legal action is filed, Anderson, Curatolo, Taylor, Cellport, Alasfar, Hamzeh and Alkhayatt shall not be entitled to recover any damages or relief therefrom, including costs and attorneys' fees.

6.   No other compensation due and owing.  Plaintiffs affirm and acknowledge that, except for the consideration set forth in Paragraph 1 above, they are not owed any compensation or benefits (including back pay, bonuses or overtime compensation) by the Defendants.

7.   Confidentiality.  Anderson, Curatolo, Taylor, Cellport, Alasfar, Hamzeh and Alkhayatt agree, promise, and covenant that the terms and provisions of this Agreement shall remain and be kept strictly confidential and shall not be disclosed except as provided herein.  Without the express written agreement of the other Parties or unless required to do so by law, Anderson, Curatolo, Taylor, Cellport, Alasfar, Hamzeh and Alkhayatt agree never to disclose the existence, facts, terms, or amount of this Agreement, nor the substance of the negotiations leading to this Agreement, to any person or entity, other than to their respective attorneys, personal accountants, personal tax preparers, or spouse.  Any such disclosure to such persons will be made only if the relevant person must have such information for the performance of his or her responsibilities.  To the extent required by law or applicable regulation, Anderson, Curatolo, Taylor, Cellport, Alasfar, Hamzeh and Alkhayatt may also

disclose the provisions of this Agreement to the appropriate taxing authorities. Anderson, Curatolo, Taylor, Cellport, Alasfar, Hamzeh and Alkhayatt agree that if questioned about this settlement, the disposition of the claims, or any other information made confidential by this provision, they will say simply that the claims were resolved.

8.      Non-disparagement.   As further consideration for the payments described above in Paragraph 1, and as a condition to their receipt of those payments, Anderson, Curatolo, Taylor, Cellport, Alasfar, Hamzeh and Alkhayatt agree that each Party will not disparage any other Party, their work, services, or personnel, and that each Party will not criticize or demean any other Party, its work, services, or personnel in communications with any persons, including, but not limited to, any client or customer for whom any Party performed services or with members of the business community or with persons who might convey disparaging, critical or demeaning comments to members of the business community. This provision shall not bar compliance with a subpoena or other directive from a court. However, in the event of the receipt of any such subpoena or court directive, the recipient shall promptly notify counsel for the opposing parties prior to providing testimony to the extent plausible or otherwise permitted by law.

9.      Future Employment.   Plaintiffs agree not to seek future employment with Cellport, its parent companies, subsidiaries, corporate affiliates or successors. If Anderson, Curatolo or Taylor, inadvertently applies for employment, the existence of this Agreement shall constitute a legitimate, non-discriminatory reason for any employment decisions made by Cellport.

10.     Employment Reference.   In the event of any inquiries from prospective employers regarding Anderson, Curatolo or Taylor, Cellport, Alasfar, Hamzeh and Alkhayatt agree that they will follow standard procedure with regard to reference requests, which is to provide a neutral reference in accordance with Cellport policy and will provide only the dates of employment and positions held by Anderson, Curatolo and Taylor,.

11.     No Admission of Liability.   The Parties acknowledge and agree that this Agreement is a compromise and settlement of each party's disputed claims and/or defenses and that neither the execution nor the terms hereof may be construed as an admission of liability on the part of any party with respect to the disputed matters.

12.     Governing Law.   This Agreement shall be governed by and construed in accordance with the laws of the State of Florida.

13.     Consent to Jurisdiction and Forum Selection.   The Parties acknowledge and agree that any proceeding arising in connection with this Agreement shall be tried and litigated exclusively in a court of competent jurisdiction, whether in State or Federal court, located in Broward County, State of Florida. The aforementioned choice of venue is intended by the parties to be mandatory and not permissive in nature, thereby precluding the possibility of litigation between the parties with respect to or arising out of this Agreement in any jurisdiction other than that specified in this paragraph.

14. <u>Entire Agreement</u>. This Agreement constitutes the entire agreement between the Parties and supersedes any and all other agreements, understandings, negotiations, or discussions, whether oral or in writing, express or implied, between or among the Parties. The Parties and each of them acknowledge that no representations, inducements, promises, agreements or warranties have been made to them or by them, or by anyone acting on their behalf, which are not embodied in this Agreement, that they have not executed this Agreement in reliance upon any such representation, inducement, promise, agreement or warranty, and that no representation, inducement, promise, agreement or warranty not contained in this Agreement, including but not limited to any purported supplements, modifications, waivers or terminations of this Agreement, shall be valid or binding unless executed in writing by each of the Parties to this Agreement.

15. <u>Agreement to Be Construed Fairly</u>. The Parties acknowledge that this Agreement was negotiated as part of a settlement process. This Agreement is to be construed fairly and not in favor of or against any party, regardless of which party drafted or participated in the drafting of its terms. Any rule of construction that a document is to be construed against the drafting party shall not be applicable to this Agreement.

16. <u>No Assignment</u>. Each of the Parties to the Agreement represents and warrants that (a) there has been no assignment or other transfer of any interest in the claims which it or he has or may have that are being released herein, and each party shall indemnify, hold harmless, and defend the other from any liability, claims, demands, damages, costs, expenses and reasonable outside attorneys' fees incurred by the defending party as a result of any such assignment or transfer contrary to the foregoing representation; and (b) each party owns all claims, demands, and causes of action which the Parties release by this Agreement, which release is free and clear from all liens, claims, and encumbrances.

17. <u>Authority to Enter into Agreement</u>. Each of the Parties represents and warrants that any person executing this Agreement on its behalf has the full right and authority to enter into this Agreement on behalf of said party, and has the full right and authority to execute this Agreement and to fully bind that party to the terms and obligations of this Agreement. Each of the persons signing this Agreement on behalf of the Parties hereto makes the same warranties referred to herein.

18. <u>Successors and Assigns</u>. The terms of this Agreement shall be binding upon the Parties and their agents, employees, successors, assigns and insurers.

19. <u>Attorneys' Fees</u>. In the event any of the Parties brings a claim to enforce any provision of this Agreement, the prevailing party shall be entitled to recover the reasonable attorneys' fees and costs it incurred in such claim.

20. <u>Effective Date</u>. The effective date of this Agreement is the date on which all of the Parties signed this Agreement.

21. <u>Headings</u>. The various headings used in this Agreement are inserted for convenience only and shall not affect the meaning or interpretation of the Agreement or any provision of it.

22.  <u>Severability</u>.  Except for the obligations of release of claims and payment of money, the provisions of this Agreement are severable, and if any part of it is found to be unenforceable, the other provisions shall remain fully valid and enforceable.

23.  <u>Reasonable Time to Review</u>.  Anderson, Curatolo, Taylor, Cellport, Alasfar, Hamzeh and Alkhayatt acknowledge that each Party has had a reasonable time to review this Agreement and to consult their respective attorneys.  Anderson, Curatolo and Taylor understand that each may take up to twenty-one (21) days from the date he/she receives this document to consider this Agreement before signing it, although Cellport will have no obligation to him/her during any period of consideration.  Anderson, Curatolo and Taylor further understand and acknowledge that once he/she signs this Agreement, he/she will then have seven (7) calendar days, if he/she so chooses, to revoke this Agreement <u>solely</u> as to any claims arising under the ADEA and OWBPA, 29 U.S.C. § 621 *et seq.*  To revoke the Agreement as to any ADEA / OWBPA claims, Anderson, Curatolo or Taylor must notify Cellport's attorney, in writing within seven (7) calendar days after signing the Agreement.  However, if Anderson, Curatolo or Taylor, elects to cancel this Agreement, he/she understands that he/she will not be entitled to any of the benefits specified in Paragraph 1 of this Agreement.  Anderson, Curatolo, Taylor, Cellport, Alasfar, Hamzeh and Alkhayatt realize that once signed, this Agreement is immediately effective and enforceable as to any and all claims, except that this Agreement will not be effective or enforceable as to any claim under the ADEA / OWBPA until the seven calendar day revocation period expires. Anderson, Curatolo, and Taylor, agree that changes to this Agreement, whether material or immaterial, will not restart the twenty-one (21) days he/she has to consider this Agreement.

24.  <u>Counterparts</u>.  This Agreement may be executed in counterparts, each of which shall be deemed an original and all of which shall constitute together one in the same instrument, and will be effective upon execution by all Parties and expiration of the seven-day revocation period.

**25.**  <u>Execution Date</u>.  The Parties have executed this Agreement as of the last date set forth below.

**ANDERSON, CURATOLO, TAYLOR, CELLPORT, ALASFAR, HAMZEH, AND ALKHAYATT FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTER INTO THIS CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS THEY HAVE OR MIGHT HAVE AGAINST THE OTHER PARTIES.**

IN WITNESS WHEREOF, the Parties hereto knowingly and voluntarily executed this Agreement as of the date set forth below.

Dated:  February 03 , 2022          BRITTNIE ANDERSON

*Brittnie Anderson*
_____

Dated:  February 02 , 2022        BIANCA F. CURATOLO

_____

Dated:  February 04 , 2022        DANIEL TAYLOR

_____

Dated:  February ___, 2022        TAHA ALASFAR

_____

Dated:  February ___, 2022        HAMZEH ALASFAR

_____

Dated:  February ___, 2022        TAYSEER ALKHAYATT

_____

Dated:  February ___, 2022        CELLPORT INTERNATIONAL, INC.

_____

By: _____

Title: _____

Dated:  February ___, 2022

BRITTNIE ANDERSON

_____

Dated:  February ___, 2022

BIANCA F. CURATOLO

_____

Dated:  February ___, 2022

DANIEL TAYLOR

_____

Dated:  February 9, 2022

TAHA ALASFAR

_____

Dated:  February 9, 2022

HAMZEH ALASFAR

_____

Dated:  February 9, 2022

TAYSEER ALKHAYATT

_____

Dated:  February 9, 2022

CELLPORT INTERNATIONAL, INC.

By:  ___Tohe   AlasFAR___

Title:  ___MANAGER___