UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 0:20-cv-62567-AOV

BRITTNIE ANDERSON,
BIANCA F. CURATOLO, and
DANIEL TAYLOR, on or behalf of
themselves and on behalf of all others
similarly situated,

    Plaintiffs,

v.

HAMZEH ALASFAR, TAYSEER ALKHAYATT,
CELLPORT INTERNATIONAL, INC. and
TAHA ALASFAR,

    Defendants.
_____/

**DEFENDANTS' RESPONSE TO PLAINTIFFS'
MOTION TO ENFORCE SETTLEMENT AGREEMENT**

Defendants, HAMZEH ALASFAR, TAYSEER ALKHAYATT, CELLPORT INTERNATIONAL, INC., and TAHA ALASFAR ("Defendants"), by and through their undersigned counsel hereby file their Response to Plaintiffs' Motion to Enforce Settlement Agreement and would show:

1. The Defendants are without question behind on their payments.

2. The undersigned has communicated with the Defendants and has advised them of the potential consequences of this motion. As a result, it is the undersigned's understanding that a payment of $500.00 was overnighted to counsel for Plaintiffs and that Defendants have advised the undersigned they will continue to make equivalent payments on a monthly basis going forward.

3. The business entity was a failure from the onset and is no longer in operation, Thus, the

individuals bear sole responsibility to try and make the payments.

4. However, based upon an order the undersigned received **today**, admittedly as a surprise to all counsel in that case, the undersigned believes the Court lacks jurisdiction to entertain this motion. In a matter where the Parties agreed to a reservation of jurisdiction as is the case here, Judge Dimitrouleus denied the request to accept a reservation as stated in the attached order.

5. The verbiage in the settlement agreement here is consistent with the language in the Judge Dimitrouleas case and therefore does not meet the standard espoused by the Court in that matter.

6. Thus, notwithstanding any acceptance of jurisdiction by this Court even with the agreement of the parties as was the case here, the methodology used to obtain that reservation was inconsistent with the attached order, and appears to have been ineffective.

Dated: June 24, 2022

        LAW OFFICES OF CHARLES EISS, P.L.
        Attorneys for Plaintiff
        7951 SW 6th Street, Suite 112
        Plantation, Florida 33324
        (954) 914-7890 (Telephone)
        (855) 423-5298 (Facsimile)

By:   /s/ CHARLES EISS
       CHARLES M. EISS, Esq. (FBN: 612073)
       chuck@icelawfirm.com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 24th day of June, 2022 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/ Charles Eiss
CHARLES EISS, ESQ.

SERVICE LIST
*Brittnie Anderson, et. al v. Hamzeh Alasfar, et al.,*
Case No.: 0:20-cv-62567-AOV
United States District Court Southern District of Florida

Christopher J. Saba, Esq
Fla Bar No.: 0092016
Email: csaba@wfcla.com
      tsoriano@wfclaw.com
WENZEL FENTON CABASSA, P.A.
1110 North Florida Avenue, Suite 300
Tampa, Florida 33602
Phone: (813) 224-0431
Fax: (813) 229-8712

Attorney for Plaintiffs


Charles Eiss, Esq.
Fla. Bar No.: 612073
Email: chuck@icelawfirm.com
Shanna Wall, Esq.
Fla. Bar No,: 0051672
Email: shanna@icelawfirm.com
Law Offices of Charles Eiss, P.L.
7951 SW 6th Street, Suite 112
Plantation, FL 33324
(954) 914-7890 (Telephone)
(855) 423-5298 (Facsimile)

Attorney for Defendants

Method of Service: CM/ECF