UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

**BRITTNIE ANDERSON, BIANCA F. CURATOLO,**
and **DANIEL TAYLOR**, on behalf of themselves
and on behalf of all others similarly situated,

    Plaintiffs,

v.                                    Case No.:  0:20-cv-62567-AHS

**HAMZEH ALASFAR,**
**TAYSEER ALKHAYATT, CELLPORT**
**INTERNATIONAL, INC. and TAHA ALASFAR,**

    Defendants.
_____/

**PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFFS'**
**MOTION TO ENFORCE SETTLEMENT AGREEMENT**

    Plaintiffs, BRITTNIE ANDERSON, BIANCA F. CURATOLO, and DANIEL TAYLOR (collectively "Plaintiffs"), by and through the undersigned counsel, files their Reply to Defendants' Response to Plaintiffs' Motion to Enforce Settlement Agreement (Doc. 56), and in support thereof Plaintiffs state as follows:

    1.    The first sentence of Defendants' response is enough for this Court to enter an Order granting Plaintiffs' Motion to Enforce Settlement.

    2.    Defendants' admit to being behind on the payments they agreed to pay pursuant to the Parties' Settlement Agreement.

    3.    Rather than pay those overdue amounts, Defendants' are attempting to create a new agreement for them to make payments.

    4.    While Defendants' have sent one $500 check to the undersigned's office, this will not be deposited until further instruction from this Court.

5. Further, Defendants' cannot be trusted to continue to make these payments, as evidenced by the multiple promises of payment in the correspondence attached to Plaintiffs' Motion as Exhibit B. (Doc. 53-2).

6. There is an enforceable Settlement Agreement, and Defendants' are not entitled to breach that Agreement and then ask to extend payments, and in smaller amounts, to their own benefit.

7. The remedy for this is for the Court to enter an Order granting Plaintiffs' Motion to Enforce Settlement Agreement and award Plaintiffs' their attorneys' fees and costs associated with obtaining such an Order.

8. Finally, Defendants' make one last attempt to escape their liability under the Agreement by arguing that this Court does not have jurisdiction to entertain Plaintiffs' Motion to Enforce the Settlement Agreement. This simply is not true.

9. The order attached to Defendants' Response, Israel v. Nakisa America, Inc., Case No. 21-62435-CIV-DIMITROULEAS (S.D. Fla. June 24, 2022) (Doc. 56-1), and the case of Anago Franchising, Inc. v. Shaz, LLC, 677 F.3d 1272, 1280 (11th Cir. 2012), are factually distinguishable from the instant case.

10. In Israel and Anago, the parties stipulated to a dismissal under Fed. R. Civ. P. 41(a)(1)(A)(ii). However, in the instant case, the Parties filed a Joint Motion for the Court to approve the Parties' Settlement Agreement and dismiss the case, but with the specific request that the Court reserve jurisdiction to enforce the terms of the Settlement Agreement. (Doc. 51).

11. This distinction is important because a stipulation of dismissal pursuant to Rule 41(a)(1)(A)(ii) is self-executing. See Id. at 1278.

12. This Court entered an Order granting the motion and specifically retaining jurisdiction for six months from February 16, 2022 *to enforce the terms of the Settlement Agreement*. (Doc. 52) (emphasis added).

13. Therefore, since the Parties stipulated to this retention of jurisdiction and the Court acted in retaining jurisdiction, this Court has jurisdiction to enforce the terms of the Settlement Agreement. See Id. at 1279 (stating "[t]o retain jurisdiction to enforce a settlement agreement, the court itself must act").

14. Further, The Supreme Court has reasoned that a district court could retain jurisdiction to enforce a settlement agreement with consent of the parties and of the court. Kokkonen v. Guardian Life Insurance of America, 511 U.S. 375, 381 (1994).

15. Because, there has been no stipulation of dismissal pursuant to Rule 41(a)(1)(A)(ii), and because the Parties and the Court consented to this Court retaining jurisdiction to enforce the terms of the Settlement Agreement, this Court has jurisdiction to enforce the terms of the Settlement Agreement.

## **CONCLUSION**

Defendants unequivocally agreed to settle this case. The Agreement at issue is fully enforceable. Defendants admit that they have not complied with their obligations under the Agreement. This Court has jurisdiction to enforce the terms of the Settlement Agreement. Accordingly, the Court should enter an order Granting Plaintiffs' Motion to Enforce the Settlement Agreement, and award Plaintiffs their attorneys' fees and costs incurred in addressing the settlement issue, preparing the Motion and Reply, and any other efforts to enforce the Agreement.

Dated this 30th day of June, 2022.

                                        Respectfully submitted,

                                        /s/ Christopher J. Saba
                                        **CHRISTOPHER J. SABA**
                                        Florida Bar Number: 0092016
                                        **WENZEL FENTON CABASSA, P.A.**
                                        1110 North Florida Avenue, Suite 300
                                        Tampa, Florida 33602
                                        Main Number: 813-224-0431
                                        Direct Dial: 813-321-4086
                                        Facsimile: 813-229-8712
                                        Email: csaba@wfclaw.com
                                        Email: tsoriano@wfclaw.com
                                        **Attorneys for Plaintiffs**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 30th day of June, 2022, the foregoing was electronically filed with the Clerk of the Court via the CM/ECF system, which will send a notice of electronic filing to:

Charles Eiss
Shanna Wall
Law Offices of Charles Eiss, P.L.
7951 SW 6th Street, Suite 112
Fort Lauderdale, FL 33324
Email: chuck@icelawfirm.com
Email: shanna@icelawfirm.com

                                        /s/ Christopher J. Saba
                                        **CHRISTOPHER J. SABA**