UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-CV-62567-VALLE

<u>CONSENT CASE</u>

BRITTNIE ANDERSON,
BIANCA F. CURATOLO, and
DANIEL TAYLOR, on or behalf of
themselves and on behalf of all others
similarly situated,

    Plaintiffs,

v.

HAMZEH ALASFAR, TAYSEER ALKHAYATT,
CELLPORT INTERNATIONAL, INC. and
TAHA ALASFAR,

    Defendants.
_____/

**ORDER ON MOTION TO ENFORCE SETTLEMENT AGREEMENT**

THIS MATTER is before the Court upon Plaintiffs' Motion to Enforce Settlement Agreement (the "Motion to Enforce"). (ECF No. 53). Pursuant to the parties' consent, this case is before the undersigned for all proceedings, including trial and entry of final judgment. *See* (ECF Nos. 46, 47). Having considered the Motion to Enforce, Defendants' Response (ECF No. 56), Plaintiffs' Reply (ECF No. 57), the parties' Joint Status Report (the "JSR") (ECF No. 59), and being fully advised in the matter, the Motion to Enforce is **GRANTED** for the reasons set forth below.

**I.     BACKGROUND**

This case includes claims under the Fair Labor Standards Act ("FLSA") for alleged violations of the minimum wage provisions. (ECF Nos. 1, 41); *see also* 29 U.S.C. § 201 et seq.

On January 25, 2022, the parties settled the case before the undersigned. (ECF No. 45). Thereafter, as directed by the Court, the parties filed a Joint Motion to Dismiss and for Approval of the Settlement Agreement (the "Motion to Dismiss"). (ECF Nos. 48, 51).

In the Motion to Dismiss, the parties requested that the Court review and approve the terms of the Settlement Agreement under *Lynn's Food Stores, Inc. v. United States*,[1] dismiss the case with prejudice, and retain jurisdiction for six months from dismissal to enforce the Settlement Agreement. (ECF No. 51 at 2). The undersigned granted the motion, approved the Settlement Agreement, dismissed the case with prejudice, and retained jurisdiction to enforce the Settlement Agreement. (ECF No. 52 at 3). As approved by the Court, the Settlement Agreement required Defendants to pay Plaintiffs $18,000 in five monthly installments of $3,600.[2] *See* (ECF Nos. 53 at 2, 53-1 at 1-2).

In the Motion to Enforce, Plaintiffs allege that Defendants have paid only a fraction of the $18,000 settlement amount. Thus, Plaintiffs seek enforcement of the Settlement Agreement, $16,560[3] in damages as the unpaid settlement amount, interest on the unpaid settlement amount from the date of default, and attorneys' fees incurred in connection with the Motion to Enforce. (ECF No. 53 at 7). In response, Defendants concede that they are "without question" behind on

---

[1] 679 F.2d 1350 (11th Cir. 1982).

[2] Each month, Defendants were to pay $3,600 as follows: $500 to Anderson, $800 to Curatolo, $800 to Taylor, and $1,500 to Plaintiffs' counsel. *See* (ECF No. 53-1 at 1-2).

[3] In March 2022, Plaintiffs received two checks for $1,440 (totaling $2,880), which counsel deposited into the firm's trust account. (ECF No. 53 at 4-5). Ultimately, one of those checks bounced, leaving a balance of $16,560. (ECF No. 53 at 4). Thereafter, Plaintiffs received an additional check for $500, which Plaintiffs have not cashed and have not yet deposited into the firm trust account, pending resolution of the Motion to Enforce. *See* (ECF No. 57 at 1). In addition, according to the JSR, Defendants have made three additional payments of $500 (two in August 2022 and one in September 2022). *See* (ECF No. 59 at 1). Accordingly, the unpaid settlement amount is $14,560.

their payments and offer to pay a reduced monthly installment of $500 to fulfill their contractual obligation. *See* (ECF No. 56 at 1).

## II. DISCUSSION

### A. The Court has Jurisdiction to Enforce the Settlement Agreement

In opposing the Motion to Enforce, Defendants argue that the Court lacks jurisdiction to enforce the Settlement Agreement. *See* (ECF No. 56 at 2). To support this argument, Defendants cite to the order of dismissal in *Israel v. Nakisa America, Inc.*,[4] in which the court declined to retain jurisdiction based on the parties' stipulation of dismissal. *Id.* at 1-2. But *Israel* is inapposite to the facts of this case.

In *Israel*, the parties filed a stipulation of dismissal, not a joint motion to dismiss. *See Israel*, No. 21-CV-62435-WPD (ECF No. 25). The two are different, resulting in different consequences. *See Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1278-80 (11th Cir. 2012). A stipulation of dismissal under Federal Rule of Civil Procedure 41 is effective upon filing and immediately divests a court of jurisdiction to do anything further in the case. *See id.* A motion to dismiss, however, is not self-executing and does not have the same immediate stripping effect on the court's jurisdiction. Here, the parties properly filed a motion to dismiss (not a stipulation of dismissal), which allowed the undersigned to retain jurisdiction for six months to enforce the Settlement Agreement. *See* (ECF No. 48) (order requiring parties "to file a Joint Motion to Dismiss (**NOT a Stipulation of Dismissal** . . .")); *see also* (ECF Nos. 51 at 2, 52 at 3); *Anago Franchising, Inc.*, 677 F.3d at 1278-80. Thus, Defendants' argument is without merit.

---

[4] No. 21-CV-62435-WPD (S.D. Fla. June 24, 2022) (ECF No. 25).

### B. The Settlement Agreement is Enforceable

A district court has the inherent power to enforce settlement agreements entered by litigants. *Ford v. Citizens & So. Nat'l. Bank, Cartersville*, 928 F.2d 1118, 1121 (11th Cir. 1991). Moreover, a settlement agreement is a binding contract ordinarily governed by state law. *U.S. ex rel. Osheroff v. MCCI Grp. Holdings, LLC*, No. 10-CV-24486, 2013 WL 3991964, at *3 (S.D. Fla. Aug. 2, 2013); *Sands v. Wagner & Hunt, P.A.*, No. 09-CV-60557, 2009 WL 2730469, at *2 (S.D. Fla. Aug. 28, 2009). Under Florida law, a settlement agreement is enforceable "if its terms are sufficiently specific and mutually agreed upon as to every essential element." *Carpaneda v. Quayside Place Partners, LLP*, No. 09-CV-20740, 2010 WL 2681383, at *1 (S.D. Fla. Apr. 12, 2010), *adopted by* No. 09-CV-20740, 2010 WL 2696958 (S.D. Fla. July 7, 2010). In this regard, courts agree that amount and payment terms are essential terms of the contract. *Sands*, 2009 WL 2730469 at *3. "The Southern District of Florida has made it clear that public policy strongly favors the enforcement of settlement agreements in all types of litigation." *Baratta v. Homeland Housewares, LLC,* No. 05-CV-60187, 2007 WL 2668585, at *3 (S.D. Fla. June 14, 2007).

Here, the undersigned approved the Settlement Agreement as fair and reasonable. *See* (ECF No. 52 at 2-3). The Settlement Agreement contains the necessary essential terms for a binding contract, including amount and payment terms: (i) Defendants were to pay $18,000 to Plaintiffs; (ii) in five negotiated monthly installments (the first within 14 days after the Court's dismissal of the case with prejudice). *See* (ECF No. 53-1 at 1-2). These essential terms were accepted by the parties and are clear and enforceable. *See Beharrie-Lue v. Felt Home Care, Inc.*, No. 09-CV-61246, 2010 WL 2985650, at *1 (S.D. Fla. July 28, 2010).

Defendants have offered to modify the negotiated payment schedule and to pay Plaintiffs $500 per month going forward to fulfill their contractual obligation. (ECF No. 56 at 1). But that

is not what the parties agreed to in the Settlement Agreement, and the undersigned will not unilaterally change the negotiated terms of the binding contract.

### C.     Plaintiffs are Entitled to Attorneys' Fees

Under the "American Rule," litigants are generally not entitled to an award of attorneys' fees for prevailing in litigation unless provided by statute or contract. *See, e.g.*, *In re Martinez*, 416 F.3d 1286, 1288 (11th Cir. 2005). Here, paragraph 19 of the Settlement Agreement permits the prevailing party in a claim to enforce the Settlement Agreement to recover attorneys' fees. *See* (ECF No. 53-1 at 5). Moreover, the FLSA provides for attorney's fees (and costs) to the prevailing party. 29 U.S.C. § 216(b) ("The court in [an FLSA action] shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."). In the FLSA context, a "prevailing party" is one who obtains either: (i) a judgment on the merits, or (ii) "a settlement agreement 'enforced through a consent decree.'" *Mayer v. Wall St. Equity Grp., Inc.*, 514 F. App'x 929, 934 (11th Cir. 2013) (quoting *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't. of Health and Human Res.*, 532 U.S. 598, 603-04 (2001)). Accordingly, pursuant to the terms of the Settlement Agreement and § 216(b) of the FLSA, Plaintiffs are entitled to attorneys' fees in connection with the Motion to Enforce.

Plaintiffs' Motion to Enforce does not request a specific amount in fees and counsel did not provide billing records or counsel's qualifications. *See generally* (ECF Nos. 53, 57). However, the Court is considered an expert on hourly rates in the community and may properly consider its own knowledge and experience concerning reasonable and proper fees. *See Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988); *Desantis v. Atwood*, No. 20-CV-62004, 2022 WL 787973, at *3 (S.D. Fla. Mar. 2, 2022). Accordingly, the undersigned awards Plaintiffs $1,500 in attorneys' fees and costs in connection with the Motion to Enforce.

### III.   CONCLUSION

For the reasons set forth above, Plaintiffs' Motion to Enforce Settlement Agreement (ECF No. 53) is **GRANTED**, and it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendants must pay: (i) $14,560 in damages, plus interest accrued from March 2, 2022 (the date of default) and (ii) $1,500 in attorneys' fees and costs.

2. Failure to comply with this Order may result in sanctions against Defendants, including possible contempt for failure to follow court orders. *See, e.g.*, *Wachovia Bank v. Tien*, No. 04-CV-20834 (S.D. Fla. July 28, 2017) (ECF No. 2340) (the undersigned's Report and Recommendation that a party be held in civil contempt for failing to obey court order).

**DONE AND ORDERED** in Chambers, at Fort Lauderdale, Florida on February 9, 2023.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
All Counsel of Record